IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**PROGRESSIVE NORTHERN INSURANCE CO.,**

    Plaintiff,

v.                                                                 CIVIL ACTION NO. 2:22-cv-50

**ANDREW CARMEN GRIFFIN,**

**PEPPERIDGE FARM, INCORPORATED,**

**SEAN C. SMITH,**

and

**BREAD WINNER, LLC,**

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Progressive Northern Insurance Co. ("Progressive"), pursuant to 28 U.S.C. §§2201(a) and 2202 and Federal Rules of Civil Procedure 8(a) and 57, for its complaint for declaratory judgment, alleges as follows:

### Parties, Jurisdiction and Venue

1.    Progressive is an insurance company organized and incorporated in the State of Wisconsin, with its principal office located at 6300 Wilson Mills Rd., Mayfield Village, Ohio 44143.

2.    It is a citizen of and domiciled in the State of Wisconsin.

3.  It is authorized to issue certain liability insurance in Virginia, including the Policy referenced in this complaint.

4.  Andrew Carmen Griffin ("Griffin") is an individual who is domiciled in and a citizen of the Commonwealth of Virginia.

5.  Pepperidge Farm, Incorporated ("Pepperidge Farm") is a stock corporation organized and incorporated in the State of Connecticut. Its principal place of business is located at 595 Westport Ave, Norwalk, CT, 06851.

6.  Pepperidge Farm is a citizen of the State of Connecticut.

7.  Sean C. Smith ("Smith") is an individual who is domiciled in and a citizen of the Commonwealth of Virginia.

8.  Bread Winner, LLC ("Bread Winner"), is a Virginia Limited Liability Company whose member, upon information and belief, is Smith, a citizen of the Commonwealth of Virginia.

9.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) because complete diversity exists between Progressive and the defendants, and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims for relief occurred in this district.

**Underlying Suit**

11. On or about June 21, 2021, Smith filed a complaint in the Circuit Court for the City of Virginia Beach (*Sean C. Smith, et al v. Andrew Carmen Griffin, et al,* Case No. CL21002944-00) (the "Underlying Suit").  A copy of the complaint in the Underlying Suit is

attached as Exhibit A.

8. The Underlying Suit alleges in part that Griffin was an employee or contractor of Pepperidge Farm or its subsidiary who serviced Pepperidge Farm's or its subsidiary's accounts with Harris Teeter Supermarkets, Inc.

9. The Underlying Suit alleges in part that Smith also serviced accounts with Harris Teeter through his company, Bread Winner, who subcontracted from Bimbo, Inc., a company that contracted to supply Harris Teeter with bread and related products.

10. The Underlying Suit alleges that Griffin harassed, tormented, falsely accused, defamed, verbally abused, and otherwise interfered with Smith and his business, causing injury to Smith and Bread Winner.

11. The Underlying Suit alleges five specific theories of liability: defamation; tortious interference with prospective business advantage; false light invasion of privacy; recovery under the business conspiracy statutes, Va. Code §§18.2-499 and 500; and tortious interference with contract.

12. The Underlying Suit seeks compensatory damages of $100,000.00 plus $200,000.00 in punitive damages and an award of attorney's fees. The statutory conspiracy act also provides for an award of treble (three times) damages as a punitive measure and the underlying suit also seeks that award.

**The Policy**

13. Progressive issued a commercial auto insurance policy, policy number 04012571-2, with policy period July 15, 2019 – July 15, 2020, to AG23320 LLC as the named insured (the "Policy").

14. A true and accurate copy of the Policy declarations is attached hereto as Exhibit

B. A true and accurate copy of the Policy endorsements is attached as Exhibit C.

15. The Policy includes a commercial general liability endorsement.

16. The Policy provides coverage for personal and advertising injury as follows:

**Insuring Agreement**

1. **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **personal and advertising injury** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages.

\* \* \* \* \* \* \*

2. This insurance applies to **personal and advertising injury** caused by an offense arising out of **your** business but only if the offense was committed in the **coverage territory** during the policy period.

17. The Policy defines personal and advertising injury in pertinent part as follows:

11. "**Personal and advertising injury**" means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

d. Oral or written publication in any manner, including, but not limited to, e-mail, blogs, and other electronic publication, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e. Oral or written publication in any manner, including, but not limited to, e-mail, blogs, and other electronic publication, of material that violates a person's right of privacy;

18. The Policy includes among others the following exclusions for personal and advertising injury:

Coverage under Coverage B does not apply to **personal and advertising injury**:

1. **Knowing Violation of Rights of Another**

Caused by or at the direction of any **insured** with the knowledge that the act would violate the rights of another and would inflict **personal and advertising injury**.

2. **Material Published with Knowledge of Falsity**
Arising out of oral or written publication of material, if published by or at the direction of the **insured** with knowledge of its falsity.

19. The Policy also includes among others the following exclusion:

This endorsement provides no coverage for the following:

12. **Other than Trucking Operations**

> **Bodily injury**, **property damage**, or **personal or advertising injury** arising out of any activity other than the insured's trucking operations or suffered by any person present at the **insured's** premises for reasons that, principally, are not related to the conduct of the **insured's** trucking operations. For purposes of this exclusion, the following are deemed to be other than trucking operations and are excluded:
> (i)     the use of the **insured's** property for any non-business purpose, such as, for example, a residence; or
> (ii)    the conduct of any business activity or the rendering of any professional service that is not a necessary part of the **insured's** trucking operations.

20. The Policy's commercial general liability endorsement defines an insured to include members of AG23320 LLC with respect to the conduct of the business of the named insured, AG23320 LLC. As a member of AG23320 LLC, Griffin is an insured, but only with respect to the conduct of the business of AG23320 LLC.

21. Griffin is not an insured for the claims asserted in the Underlying Suit because the Underlying Suit does not make claims against him with respect to the conduct of the business of AG23320 LLC.

22. Coverage for personal and advertising injury only applies to personal and advertising injury caused by an offense arising out of AG23320 LLC's business.

23. Coverage for personal and advertising injury does not apply because the offenses alleged in the underlying suit do not arise out of AG23320 LLC's business.

24. Coverage for personal and advertising injury is excluded for Griffin's alleged knowing violation of the rights of another and publishing material with knowledge of its falsity.

25. Coverage for personal and advertising injury is excluded as the Underlying Suit alleges injury arising out activity other than the insured's trucking operations.

26. The Policy does not provide coverage to Griffin for any of the claims alleged in the Underlying Suit.

27. Pepperidge Farm is not an additional insured for the claims alleged in the Underlying Suit as its status as an additional insured is limited to liability for the conduct of another insured. The insurance does not apply to Pepperidge Farm because the injury alleged was not caused by an offense arising out of AG23320 LLC's business. Coverage is excluded as the Underlying Suit alleges injury arising out activity other than the insured's trucking operations. The personal and advertising injury exclusion for knowing violation of rights also applies to exclude coverage for Pepperidge Farm as a knowing violation by any insured excludes coverage.

## Justiciable Controversy

28. There is a genuine and bona fide dispute and an actual justiciable controversy and disagreement between Progressive and Griffin regarding whether the Policy provides coverage to Griffin and a duty to defend the Underlying Suit.

WHEREFORE, pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202, Progressive in good faith requests that the Court declare the following:

(a) The Policy does not provide coverage to Griffin for the claims alleged in the Underlying Suit;

(b) Progressive has no duty to defend Griffin in the Underlying Suit;

(c) The Policy does not provide coverage to Pepperidge Farm for the claims alleged in the Underlying Suit;

(d) Progressive has no duty to defend Pepperidge Farm in the Underlying Suit; and

(e) For such other and further relief this Court may deem just and proper.

DATED this 31st day of January, 2022.

/s/_____
Brian N. Casey

                                        Virginia State Bar No. 26710
                                        Attorney for Progressive Northern Insurance Co.
                                        TAYLOR WALKER P.C.
                                        1206 Laskin Road, Suite 100
                                        Virginia Beach, Virginia 23451
                                        (757) 625-7300
                                        (757( 625-1504 (fax)
                                        bcasey@taylorwalkerlaw.com